## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMINIQUE PLAUNT,** | : | **CIV. NO. 1:24-CV-00136** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **PERRY COUNTY CHILDREN AND** | : | |
| **YOUTH SERVICES, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

This case comes before us for consideration of a motion to alter our prior judgment dismissing the plaintiff's amended complaint. (Doc. 47). This litigation arises from child abuse allegations which resulted in the May 2023 removal of the *pro se* plaintiff, Dominique Plaunt's children from her custody by Perry County Children and Youth Services (CYS). The undersigned considered Plaunt's amended complaint, which she filed after her original complaint with dismissed with narrow leave to amend as to some of her claims. (Docs. 34, 35). In her amended complaint, Plaunt alleged that Perry County Children and Youth Services (CYS) and its director, Kristie Gantt, along with unknown CYS agents and collaborating law enforcement officers, violated her Fourth and Fourteenth Amendment rights, as well as state law, by forcibly removing her two minor children from her custody without

1

a warrant or judicial order and without exigent circumstances justifying such action. (Doc. 36, ⁋ 10). She claimed the removals were based upon uncorroborated statements of her children, which were later recanted, and occurred absent any immediate or verified danger to the children. (Id., ⁋ 12). According to Plaunt, a verbal order allegedly authorizing emergency custody was issued after the children were already seized and CYS failed to provide a pre-deprivation hearing and delayed the post-deprivation hearing for several days. (Id., ⁋⁋ 13-14).

The parties consented to magistrate jurisdiction and this case was reassigned to the undersigned on June 6, 2025. On August 11, 2025, the defendants filed a motion to dismiss the plaintiff's initial complaint. (Doc. 40).  Upon consideration, we agreed that the complaint, even as amended, faltered on several insurmountable obstacles. Specifically, the defendants attached an undisputedly authentic court order referencing a verbal order for the removal or the children from Plaunt's home. Thus, it was clear that the defendants acted pursuant to court order when they removed Plaunt's children briefly from her custody. Moreover, the defendants were entitled to either absolute immunity, or at least qualified immunity based upon the court order which supported their actions in removing Plaunt's children from her home as well as the evidence upon which the defendants were acting in removing Plaunt's children; namely: the now-recanted statements of her own children that they were being abused. Finally, we found that many of Plaunt's claims in her amended

2

complaint would require this Court to either interfere in an ongoing state court matter or overturn a prior state court order – action which we are cautioned to abstain from taking. Accordingly, we granted the defendants' motion to dismiss with prejudice, since no more artful form of pleading could save the plaintiff's claims. (Docs. 45, 46).

Plaunt has now invites us to reconsider this ruling. (Doc. 47). However, despite Plaunt's disagreement with the Court's conclusions, the immutable facts upon which we previously based our decision remain. Thus, we continue to believe that dismissal of this case is the proper course of action. Accordingly, this motion to reconsider or alter judgment will be DENIED.

## II.   <u>Discussion</u>

Plaunt has moved to alter our judgment dismissing this case pursuant to Rule 59 of the Federal Rules of Civil Procedure. The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, it is well settled that:

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>See North River Ins. Co. v. CIGNA</u>

Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir.1995).*

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). See Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc*., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Applying these exacting legal benchmarks, we note at the outset that Plaunt has identified no intervening change in the law which calls for reconsideration of our prior decision dismissing this case. Nor has she cited any new evidence which was previously unavailable to the Court. Indeed, the plaintiff argues only that the

Court misinterpreted evidence and misapplied the law. This attempt to relitigate her case is inappropriate on a motion to reconsider since the Court has already considered and rejected the arguments asserted by Plaunt.

At the outset, the plaintiff argues the Court inappropriately relied upon the court order granting protective custody of her children and the recanted statements of her children because she disputes the authenticity of this evidence. As to the evidence demonstrating CYS official acted upon a court order, we noted in our motion to dismiss, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). It appears Plaunt argues the Court misapplied this doctrine since she disputes the facts asserted in this court order. However, Plaunt does not, nor can she, dispute the authenticity of the document itself, which is clearly and undisputedly the verification of the court order granting protective custody of her children. Thus, this argument is misplaced.

Moreover, to the extent she argues the Court inappropriately relied upon the

recanted statements of her children, Plaunt herself admitted that the CYS workers were acting on these statements. Nonetheless, we accepted Plaunt's allegations in the complaint that these statements were later recanted, but explained that, since our focus is whether "the information available to the defendants at the time would have created an objectively reasonable suspicion of abuse justifying the degree of interference with the [plaintiff's] rights as [a] parent," Croft v. Westmoreland Cnty. Child. & Youth Servs., 103 F.3d 1123, 1126 (3d Cir. 1997), the Third Circuit has contemplated "cases in which a child services bureau may be justified in removing either a child or parent from the home, even where later investigation proves no abuse occurred." Id. at 1126. Thus, while the plaintiff may not agree with the Court's reliance upon these stubborn facts which defeat any claim that the defendants' actions were unconstitutional, there was no error here.

Plaunt's remaining arguments are simply bald attempts to relitigate the motion to dismiss upon which we already ruled by restating portions of her complaint and the legal authority which she claims supports these allegations. For example, she argues in a conclusory manner that her amended complaint "states supervisory liability" against Defendant Gantt, yet, as we explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, to state a constitutional tort claim against a supervisory defendant, the

6

plaintiff must show that the supervisory defendant actively deprived her of a right secured by the Constitution. <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902 (3d Cir. 1997). Since Plaunt simply reasserts the conclusory statement from her complaint which we appropriately concluded did not meet the standard to impute personal involvement upon Gantt, we find no error in dismissal of the complaint on this ground.

Her arguments that the defendants are not entitled to immunity because their actions were investigative in nature and their constitutional violations were clearly established, and that the Court misapplied the <u>Rooker-Feldman</u> and <u>Younger</u> doctrines in our opinion dismissing her claims similarly fail. These arguments, which are essentially legal conclusions wholly unsupported by any new evidence or countervailing law, are clear attempts to ask the court to relitigate the matters upon which we ruled upon in our memorandum opinion. Indeed, the Court has already concluded that the actions of the defendants, even if not shielded by absolute immunity, were protected by qualified immunity based upon the existence of the court order and the evidence upon which the CYS defendants were acting, the now-recanted statements of her children. Moreover, the plaintiff's requests that the Court conclude the actions of CYS were unconstitutional and enjoin them from future action necessitate our evaluation and invalidation of a state court order in violation of these doctrines.

In sum, while we do not in any way diminish Ms. Plaunt's personal sense of grievance stemming from the removal of her children from her home based upon the court order, the plaintiff's motion simply does not demonstrate that there is a need to correct a clear error of law or fact in order to prevent manifest injustice in this case.[1] Accordingly, she has not met the precise thresholds set by law for a motion to reconsider, and this motion will be DENIED.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Date: January 6, 2026

---

[1] Finally, to the extent that Plaunt is asking us under Rule 60(b) to set aside the judgment entered by this Court dismissing her complaint, it is entirely unclear what the legal basis of Plaunt's Rule 60(b) motion may be although, liberally construed, it seems that she seeks to re-open this case under the catch-all provision of Rule 60(b), Rule 60(b)(6), which permits relief on "any other reason that justifies relief." However, relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances justifying the reopening of a final judgment," Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir.2006) (citations omitted). Since we conclude dismissal of Plaunt's complaint was entirely appropriate, and she has not explained what extraordinary circumstances would justify relief under Rule 60(b), her motion for relief under this rule also fails.

.